OPINION
{¶ 1} This appeal is before this court on defendant-appellant Amy Sue Northern's ("Northern") motion to reconsider its December 4, 2002, decision affirming the trial court's denial of Northern's motion to withdraw her guilty plea.
 {¶ 2} In June of 1990, Northern was indicted on one count of aggravated murder. Pursuant to a plea negotiation, Northern pled guilty to murder on November 6, 1990. She was sentenced to 15 years to life in prison and was informed that she would be eligible for parole in ten years.
 {¶ 3} On June 26, 2000, Northern was considered for parole, but was denied. The denial was at least partially based upon her eligibility score, which included the Adult Parole Authority's ("APA") use of the indicted charge as the underlying charge. Northern was informed that based upon the guidelines implemented on March 1, 1998, she would not be eligible for parole until she had served 12 years.
 {¶ 4} On November 15, 2000, Northern filed a motion to withdraw her guilty plea. Northern claimed that the State, through the APA, violated the terms of the agreement by classifying her according to the indictment charge rather than the charge for which she was convicted. The motion was denied on December 13, 2000, without a hearing. An appeal was taken and this court found that procedural defects existed. Our original opinion was reversed and remanded by the Ohio Supreme Court. We then addressed the merits of Northern's claim in our opinion released December 4, 2002, which affirmed the trial court's decision. On December 16, 2002, Northern filed a motion for reconsideration of our opinion, asking that we hold our decision pending the decision of the Ohio Supreme Court in Layne v. Ohio Adult Parole Auth. (2002), 97 Ohio St.3d 456,2002-Ohio-6719. This court granted the motion to reconsider on January 24, 2003.
 {¶ 5} Northern's assignments of error basically claim that the trial court erred by not permitting her to withdraw her guilty plea when the plea agreement was not knowingly made and for denying her motion without a hearing. In our December 4, 2002, entry, this court held that the plea agreement was not breached by the actions of the APA because the APA was not a party to the plea agreement. Since the APA was not a party to the plea agreement, we determined that the APA was not required to classify the crime according to the plea agreement, but could consider the charge for which the offender was indicted. Based upon this logic, we held that Northern's plea agreement was not breached by the APA's consideration of the charge for which she was indicted.
 {¶ 6} On December 18, 2002, the Ohio Supreme Court issued its ruling in Layne. The issue in Layne is "whether the APA breaches a plea agreement when it assigns an inmate, for purposes of parole eligibility, an offense category score based on the alleged underlying criminal activity rather than on the offense or offenses of which the inmate was convicted." Id. at ¶ 23.
 {¶ 7} "In each of the cases before us, the APA assigned the inmate an offense category score, not on the basis of the offenses of conviction, but rather, on alleged criminal activity. * * * The result in each case was that substantially more time was required to be served before the inmate could be considered for release on parole than would have been required had each inmate been assigned scores according to their offenses of conviction. * * *
 {¶ 8} "In Randolph v. Adult Parole Auth. * * *, the Second District Court of Appeals determined that, as an agency of the state, the APA was bound by the state's plea agreement with a criminal defendant. Accordingly, the court in Randolph determined that the APA must begin its decision-making process concerning parole eligibility by assigning an inmate the offense category score that corresponds to the actual offense of which the inmate was convicted. The court of appeals noted, however, that the APA retained its discretion to determine that an inmate should serve his or her maximum sentence, and in making that determination could consider relevant facts and circumstances, including the offense or offenses set out in the indictment, as well as any circumstances surrounding the offense. We agree with the reasoning set forth inRandolph.
 {¶ 9} "* * *
 {¶ 10} "We recognize that the APA has wide-ranging discretion in parole matters * * * R.C. 2967.03 vests discretion in the APA to `grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society.' However, that discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Layne, supra at ¶¶ 24-28 (citations omitted).
 {¶ 11} In this case, Northern was sentenced to an indefinite sentence pursuant to her plea agreement. The APA used the indicted offense rather than the offense for which she was convicted to determine her parole eligibility score. Under the holding of Layne, this is a breach of the plea agreement. Thus, the trial court should have granted Northern's motion for a hearing to determine whether she should be permitted to withdraw her plea.
 {¶ 12} Upon reconsideration, the judgment of the Court of Common Pleas of Allen County is reversed and remanded to that court for further proceedings in accordance with the law.
Judgment reversed and cause remanded.
 WALTERS and SHAW, JJ., concur.